Michael Beck (10381) Email: mike@nadesanbeck.com
Karthik Nadesan (10217) Email: karthik@nadesanbeck.com
Nadesan Beck P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140

*Attorneys for Plaintiff Marco Verch*

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| MARCO VERCH,<br><br>                    Plaintiff,<br>v.<br><br>TRANQUILITY PLACE OF UTAH, LLC,<br><br>                    Defendant, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Case No. 2:25-cv-818<br><br>Judge _____ |

---

### COMPLAINT

Plaintiff March Verch ("<u>Plaintiff</u>") sues defendant Tranquility Place of Utah, LLC ("<u>Defendant</u>"), and alleges as follows:

### THE PARTIES

1.      Plaintiff is an individual who is currently residing in Germany.

2.      Defendant is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 160 East 800 South, Suite B, Salt Lake City, UT 84111. Defendant's agent for service of process is Tony Heston Taliauli, 1391 Wasatch Avenue, Salt Lake City, UT 84104.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.    Plaintiff's Business and History

6.    On January 26, 2019, Plaintiff and Golib Tolibov entered into a written contract whereby Mr. Tolibov granted Plaintiff the exclusive and transferable right to comprehensively exploit Mr. Tolibov's photographs without any limitation in terms of space, time, and/or content. The January 26, 2019 agreement likewise granted Plaintiff the right of reproduction, processing and exhibition, the right of presentation, performance and demonstration, and the right to make such photographs accessible to the public.

7.    On February 25, 2020, Plaintiff and Mr. Tolibov entered into a First Amendment to the January 26, 2019 agreement, retroactive to the date of the original agreement. Whereas the original agreement granted certain exclusive rights, the First Amendment provides that Mr.

Tolibov transferred sole and exclusive ownership of the photographs at issue and the copyrights therein, with Plaintiff now owning the exclusive right to copy, reproduce, distribute, perform, exhibit, transmit, store, broadcast, display, license or otherwise display such photographs, including the work at issue in this lawsuit.

## II.    The Work at Issue in this Lawsuit

8.    Mr. Tolibov created a professional photograph of pine tree branches, holly, and gold ornaments spread across a red background with the text "Merry Christmas" titled "Merry-Christmas---Christmas-decorations-on-red-background" (the "Work"). A copy of the Work is displayed below:



9.    The Work was registered by Plaintiff with the Register of Copyrights on February 19, 2022 and was assigned Registration No. VA 2-293-017. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

10.    Plaintiff is the owner of the Work (by virtue of the First Amendment) and has remained the owner at all times material hereto.

## III.    Defendant's Unlawful Activities

11.    Defendant operates as a medication assisted treatment facility.

3

12.    Defendant advertises/markets its business through its website
(https://www.tranquility-place.com/), social media (e.g.,
https://www.facebook.com/profile.php?id=100087968358186), and other forms of advertising.

13.    On December 20, 2022 (after the above-referenced copyright registration of the
Work), Defendant displayed and/or published the Work on its website, webpage, and/or social
media as a means of advertising, promoting, and/or marketing its business (at
https://www.tranquility-place.com/):



14.    A true and correct copy of the screenshot of Defendant's website, webpage, and/or
social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

15.    Defendant is not and has never been licensed to use or display the Work.  Defendant
never contacted Plaintiff to seek permission to use the Work in connection with Defendant's
website, webpage, and/or social media – even though the Work that was copied is clearly
professional photography that would put Defendant on notice that the Work was not intended for
public use.

16.    Defendant utilized the Work for commercial use.

4

17.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

18.    Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work on February 16, 2023.   Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

19.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

20.    Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

22.    Plaintiff owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, and/or social media.

24.    Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

25.    By its actions, Defendant infringed and violated Plaintiff's exclusive rights in

violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

26.    Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27.    Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

28.    Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

29.    Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

30.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

31.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d. Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: September 17, 2025.                    Respectfully submitted,


By: /s/Michael Beck
NADESAN BECK, P.C.
Michael Beck

*Counsel for Plaintiff Marco Verch*